UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Victor Plastics, Inc.,

    Debtor.

Bky. No. 08-40171-DDO

Chapter 7

Julia A. Christians, Trustee for the Bankruptcy
Estate of Victor Plastics, Inc.,

    Plaintiff,

v.

Welyn Enterprises, Inc.,

    Defendant.

Adv. Pro. No.09-04052

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT**, dated as of August 14, 2009, is made by and between Julia A. Christians, as Chapter 7 Trustee for the Bankruptcy Estate of Victor Plastics, Inc. ("Trustee" or "Plaintiff") and Welyn Enterprises, Inc. ("Defendant") (together referred to as the "Parties").

### RECITALS

**WHEREAS,** on January 15, 2008, Victor Plastics, Inc., filed a voluntary bankruptcy petition under chapter 11 of title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the District of Minnesota ("Bankruptcy Court");

**WHEREAS,** by Order entered July 25, 2008, the Bankruptcy Court ordered that the case be converted to one under Chapter 7 of the Bankruptcy Code, and Julia A. Christians was appointed the Chapter 7 Trustee for the Bankruptcy Estate of Victor Plastics, Inc.;

**WHEREAS**, by adversary proceeding, Adv. No. 09-04052, the Trustee has alleged that Defendant received preferential transfers from the Debtor in the aggregate amount of $37,756.08 (collectively, the "Transfers"), and has made demand ("the Preference Claim") for repayment of the Transfers;

**WHEREAS**, Defendant has made various financial disclosures to the Trustee regarding its ability to satisfy the Preference Claim; and,

**WHEREAS**, in the interest of settlement and compromise, the Trustee and the Defendant have agreed to settle the Preference Claim in accordance with the terms and conditions of this Settlement Agreement.

**NOW THEREFORE,** in consideration of the premises and of the mutual promises and covenants contained herein, the Trustee and the Defendant hereby stipulate and agree and follows:

1. In full and final settlement of the Preference Claim, the Defendant shall pay to the Trustee the amount of Twenty-Two Thousand Dollars ($22,000.00) ("Settlement Amount") in the form of checks or money orders made payable to "Julia A. Christians, Trustee." The Settlement Amount shall be paid in installments as follows:

   --$1,000.00 by September 15, 2009, and $1,000.00 by the 15th day of each month thereafter until such time as the entire Settlement Amount shall have been paid.

The settlement payments shall be delivered to the Trustee's office at One Financial Plaza, Suite 2500, 120 South Sixth Street, Minneapolis, MN 55402.

2. Upon approval of the Settlement by the Bankruptcy Court, the Defendant shall provide to the Trustee a confession of judgment in form and substance satisfactory to the Trustee to permit entry of judgment against Defendant in the amount of $37,756.08 plus interest at the legal rate from August 21, 2008, plus Plaintiff's costs of suit, less the amount of any settlement payments which may have been made. Said confession of judgment shall be held by the Trustee pending Defendant's completion of payments under this Agreement. The Trustee may but need not file the confession of judgment upon Defendant's default in payments under the settlement agreement, and failure by the Trustee to file the confession of judgment upon a default shall not constitute a waiver by the Trustee. Upon the Defendant's satisfactory completion of payments under this settlement agreement, the Trustee shall return the confession of judgment to the Defendant.

3.  The parties to this settlement agreement recognize that the Trustee's administration of the bankruptcy estate may be concluded prior to completion of all payments required under this settlement agreement. Upon thirty days' notice to Defendant of the Trustee's intention to close the bankruptcy case, Defendant shall pay to the Trustee an amount equal to one-half of the payment obligations remaining under this settlement agreement.

4.  Upon full payment of the Settlement Amount, the Trustee, her agents, employees and representatives, the Victor Plastics, Inc., Bankruptcy Estate, and their successors or assigns, waive and release any and all further claims against the Creditor arising from or on account of the Preference Claim, and any claims that could be brought pursuant to Section 547 or 550 of the Bankruptcy Code. Within a reasonable time following completion of the settlement payments, Plaintiff shall file such notice or stipulation as may be necessary to dismiss the captioned adversary proceeding, with prejudice and without costs to any party.

5.  Following execution of this Settlement Agreement, the Trustee will reference this Settlement Agreement in a limited notice of settlement that will be filed with the Bankruptcy Court.

6.  In the event that this Settlement Agreement is for any reason not approved by the Bankruptcy Court, the Trustee shall return to Defendant any settlement payments received, and the Parties shall be restored to their respective claims and defenses.

7.  This Settlement Agreement shall be binding upon and inure to the benefit of each of the Parties and their respective successors and assigns and any successor of any of them.

8.  This Settlement Agreement shall be construed, and the rights and liabilities of the Parties shall be determined, in accordance with the laws of the State of Minnesota and applicable federal law. The Bankruptcy Court retains exclusive jurisdiction to hear any and all disputes related to this Settlement Agreement.

9.  This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same agreement. A facsimile signature shall be sufficient to bind the parties as if it were an original signature.

10. Each party warrants and represents that this Settlement Agreement is executed on its behalf by a duly authorized officer or agent.

**IN WITNESS WHEREOF,** the Parties have caused this Settlement Agreement to be duly executed as of the date first written above.

WELXN ENTERPRISES, INC.

By _[signature]_

Its _President_

KALINA, WILLS, GISVOLD & CLARK, P.L.L.P.

By: _[signature]_
Gordon B. Conn, Jr. (#18375)
6160 Summit Drive, Suite 560
Minneapolis, MN 55430
Tel. (612) 789-9000
Fax (763) 503-7070
conn@kwgc-law.com
Attorneys for Plaintiff
Julia A. Christians, Trustee